Rockingham,
No. 5407.

STATE *v.* WILLIAM S. STRESCINO.

Argued November 4, 1965.
Decided December 30, 1965.

*William Maynard,* Attorney General, *Peter W. Smith,* Attorney and *Alvin E. Taylor,* county attorney (*Mr. Smith* orally), for the State.

*Shaines & Brown* and *Fred J. Madrigan* (*Mr. Madrigan* orally), for the defendant.

KENISON, C. J. As stated by the defendant the "issue in this case is whether or not the two indictments . . . against the defendant, founded upon RSA 585:9, charging him with . . . second degree manslaughter, punishable under RSA 585:11, are sufficient as a matter of law." The second-degree manslaughter statute (RSA 585:9) reads as follows: "Every killing of one human being by the act, procurement, or culpable negligence of another, which

is not murder, nor excusable nor justifiable homicide, nor manslaughter of the first degree, is manslaughter of the second degree."

"Culpable negligence" as used in the manslaughter law is not defined therein or by any other statute. The definitions of "culpable negligence" have been many and varied in other jurisdictions. Annot. 161 A.L.R. 10. This phrase in its criminal context has escaped definition in our cases (*Glover* v. *Baker,* 76 N. H. 393, 424) and was expressly left undecided in *State* v. *Karvelos,* 80 N. H. 528. Riesenfeld, Negligent Homicide — A Study in Statutory Interpretation, 25 Calif. L. Rev. 1, 16, 39 (1936). Although there are some cases to the contrary, it is the general rule that culpable negligence as used in manslaughter statutes means something more than negligence sufficient as a basis for the recovery of damages in a civil action. Moreland, The Law of Homicide 104-123 (1952); Perkins, Criminal Law 60, 61 (1957). In the manslaughter statute, as in the statute prohibiting reckless driving (RSA 262:15 (supp); RSA 262-A:61 (supp)), "Something more than mere negligence is required however." *State* v. *Soucy,* 97 N. H. 233, 234. 3 Wharton, Criminal Law and Procedure, *s.* 972 (1957). See also, Comment, *pp.* 49-55 in Model Penal Code, *s.* 201.4 (Tent. Draft No. 9, 1959).

The time has come to give the phrase "culpable negligence" some concrete meaning in our statute even though any definition is difficult and runs the risk of defining culpability in terms of culpability. The definition of "negligently" in the Model Penal Code, *s.* 2.02( 2 )( d ) ( Proposed Official Draft, *p.* 26 (1962)) provides a standard. "Negligently" is defined therein as follows: "A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation." (Emphasis supplied). See also, Model Penal Code, *s.* 2.02(2)(d) (Tent. Draft No. 4, 1955) and Comment thereunder, *pp.* 126-127. A person charged with culpable negligence may not be convicted on evidence which establishes only ordinary negligence but may be convicted on evidence of acts which are done negligently as defined above. See Perkins, Criminal Law 61 (1957).

The test to determine the sufficiency of an indictment which will satisfy constitutional (N. H. Const., Pt. I, *Art.* 15th) and statutory (RSA 601:4) requirements was succinctly stated in *State v. Rousten,* 84 N. H. 140. "In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he can prepare for trial." *State v. Rousten, supra,* 143; *State v. Langelier,* 95 N. H. 97, 99; *State v. Hamson,* 104 N. H. 526, 528. In the present case the defendant is not in doubt as to the offense with which he is charged. *Cf. State v. Webster,* 105 N. H. 415; Scott, Fairness in Accusation of Crime, 41 Minn. L. Rev. 509 (1957). However, he claims that the allegations in the indictment constitute "mere simple negligence" and are therefore insufficient as a matter of law. This overlooks the fact that the indictment charges the defendant with conduct that is "culpably negligent" and then describes the acts which are alleged to constitute the culpable negligence. This is sufficient. *State v. Turgeon,* 101 N. H. 300. "The defendant knows what issues he has to meet." *State v. Langelier,* 95 N. H. 97, 99.

Whether the defendant created a "dangerous obstruction" to motor traffic, why he left his motor vehicle in the highway "dark and unlighted" and for how long a period are matters to be proved at the trial. *State v. Beauvais,* 102 N. H. 276. As far as the indictment is concerned it alleges conduct which could be found to constitute culpable negligence by a court or a jury within the meaning of RSA 585:9.

*Exception overruled.*

All concurred.