Rockingham,
No. 5498.

### State *v.* Thomas J. Panichas.

Argued June 8, 1966.
Decided August 31, 1966.

*George S. Pappagianis,* Attorney General and *Peter W. Smith,* Attorney ( *Mr. Smith* orally ), for the State.

*Winer, Lynch & Gormley* and *Henry F. Spaloss* ( *Mr. Spaloss* orally ), for the defendant.

BLANDIN, J. The issue presented is whether the indictments informed the defendant of the nature and cause of the crimes with which he is charged with sufficient definiteness so that he can prepare for trial. *State* v. *Rousten,* 84 N. H. 140, 143; *State* v. *Strescino,* 106 N. H. 554, 557.

As to the first indictment, we noted in *State* v. *Mihoy,* 98 N. H. 38, numerous authorities which agreed that "the present statutory law of burglary is in need of alteration." *Id.,* 41. We also said that the New Hampshire statute was one of the most complicated, citing 100 .U. Pa. L. Rev. 411, 423. *State* v. *Mihoy, supra,* 41. Even where the penalties for certain closely allied but separate offenses are the same ( RSA 583:3 and 4 ), we have observed that "In view of the intricacies of our statutes relating to burglary and breaking and entering buildings ( *State* v. *Mihoy,* 98 N. H. 38, 41 ), the preparation of an indictment thereunder calls for particular care on the part of the prosecutors." *State* v. *Tierney,* 104 N. H. 408, 409. See *State* v. *Richard,* 99 N. H. 126.

The indictment before us which relates to the defendant's aid in an attempted breaking, entering and burglary, refers to neither the applicable chapter nor any of its provisions, although the State urges that RSA 583:2 is applicable. The indictment merely states that the defendant was present aiding and assisting Robert Porter while he "in the nighttime [ did ] attempt to forcefully break into and enter a store building known as Peever's Drugstore . . . with intent to commit larceny therein." The statutes bearing on this subject, being RSA 583:2, 3 and 4, read as follows:

"2. If any person shall, in the nighttime, break and enter any dwelling-house, office, bank, shop, store, or warehouse, or any vessel lying within the body of any county, with intent . . . to commit any larceny, he shall be imprisoned not more than fifteen years.

"3. If any person shall, in the nighttime, break or enter, or in the daytime break and enter, any building . . . and shall therein commit larceny, he shall be imprisoned not more than five years.

"4. If any person shall, in the nighttime, break or enter, or in the daytime break and enter, as described in the preceding section, with intent to commit any crime the punishment whereof may be imprisonment for more than one year, or with the intent to commit any larceny, he shall be imprisoned not more than five years."

It is undisputed that the indictment is not under section 3, but

the issue is whether it falls under section 2 or section 4. When we endeavor to fit the indictment into either section 2 or 4, problems immediately arise. If the purpose of the prosecution was to charge the defendant under section 2, there was no occasion to use the word "building." If, on the other hand, the accusation was for violation of section 4, the combination of the two words, "store building," served to create confusion. It obviously makes a great difference to the accused whether he is faced with a trial under section 4, where he may be imprisoned not more than five years, or under section 2, where he may be given thrice that amount of time, or fifteen years. *Cf. State* v. *Tierney,* 104 N. H. 408, 409.

We certainly do not wish to turn our criminal procedure into a search for technicalities ( see *State* v. *Ball,* 101 N. H. 62, 63 ) rather than truth. However "It has long been the law in this jurisdiction that to meet constitutional requirements an indictment must inform the accused of the nature and cause of the accusation with sufficient definiteness so that he can prepare for trial. *State* v. *Story,* 97 N. H. 141, 146. It must allege 'every element of the offense charged in language sufficiently definite to apprise the [defendant] of what [he] must be prepared to meet for trial.' *Id.,* 146." *State* v. *Superior Court,* 106 N. H. 228, 232. It cannot fairly be denied that the defendant and his counselor, faced with the words "store building," may be in doubt as to which section he is accused of violating. Judge *Doe* summed up the result which a court should reach in this situation and the reason for it in two short sentences: "The crime and penalty of the seventh section are different from those of the eighth. The indictment, not informing the defendant which crime he is charged with, is bad for uncertainty." *State* v. *Messenger,* 58 N. H. 348. See also, *State* v. *Leavitt,* 63 N. H. 381; *State* v. *Mealey,* 100 N. H. 228, 232. We therefore hold that the indictment charging the defendant with being an accessory to an attempted burglary should have been dismissed. *State* v. *Jane Doe,* 104 N. H. 172.

The second indictment is brought under the statute, making it a crime to possess burglar's tools under certain conditions, which reads as follows: "Whoever . . . knowingly has in his possession [a] . . . tool, or implement adapted and designed for cutting through, forcing, or breaking open a building, room, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use

or employ . . . same . . . for such purpose, shall be imprisoned not more than ten years . . . . " RSA 583:12. The indictment charged that the defendant "did knowingly have in his possession an implement adapted and designed for cutting through, forcing, or breaking open a building, room, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be designed for the purpose aforesaid, and with intent to use or employ the same for such purpose."

Generally an indictment is sufficient if it uses the words of the proper section of the applicable statute. *State* v. *Yell,* 104 N. H. 87. The test of its sufficiency remains always the same: whether it gives the defendant enough information so that he can prepare for trial. *State* v. *Rousten,* 84 N. H. 140, 143. Our statute ( RSA 583, section 12 ) does not appear to have ever been construed here and authorities elsewhere under similar provisions are not uniform. Annot. 103 A.L.R. 1309. We believe that this indictment meets the test laid down in the *Rousten* case, *supra,* and in *State* v. *Strescino,* 106 N. H. 554, 557.

The order is

*Exceptions to first indictment sustained;*
*exceptions to second indictment overruled.*

All concurred.