Belknap
No. 6533

STATE OF NEW HAMPSHIRE

v.

ELSWORTH N. GREENWOOD

November 30, 1973

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney *(Mr. Rath* orally), for the State.

*Wescott, Millham & Dyer* and *Gary P. Westergren (Mr. Westergren* orally) for the defendant.

DUNCAN, J. Following trial by the Superior Court without jury *(Johnson,* J.), the defendant was convicted of aggravated assault on a 19-month-old boy. RSA 585:22 (Supp. 1972). The indictment charged that the defendant "did make an assault of an aggravated nature upon [the victim], an infant child . . . , in that [defendant] . . . severely beat said child about the head and body, with his [defendant's] *hands and fists."* (Emphasis added.) The defendant's exceptions were reserved and transferred by the presiding justice.

The mother of the child, with whom defendant was living when the assault was alleged to have taken place, testified that she saw defendant "spank" the child. The examining physician testified that in his opinion bruises on the face

and body of the child were caused by an "excessive" amount of force, and the court found that "[t]he beating of the child, giving due regard to the child's age, [was] . . . of an aggravated nature". *See State v. Ellis,* 112 N.H. 419, 297 A.2d 669 (1972).

The sole issue presented by defendant's exceptions is whether the defendant could properly have been convicted in view of a finding by the court that there was no evidence that the beating was done with the fists, but rather by the use of excessive force with an open hand. The defendant argues that the lack of evidence of any beating with the fists is a fatal variance from the allegation of the indictment.

"It has long been the law in this jurisdiction that to meet constitutional requirements an indictment must inform the accused of the nature and cause of the accusation with sufficient definiteness so that he can prepare for trial." *State v. Panichas,* 107 N.H. 359, 361, 222 A.2d 211, 213 (1966); *State v. Superior Court,* 106 N.H. 228, 208 A.2d 832 (1965); *State v. Rousten,* 84 N.H. 140, 146 A. 870 (1929). Without compliance with ancient technical rules, the modern indictment simply "must allege every element of the offense charged". *State v. Panichas, supra* at 361, 222 A.2d at 213.

The test is properly whether defendant is sufficiently apprised of the factual basis of the indictment so that he may prepare his defense. *State v. Story,* 97 N.H. 141, 146, 83 A.2d 142, 147 (1951). The indictment in the present case states the name of the victim, the time, place and date of the alleged offense, and the overt acts committed. In the light of these precise allegations the defendant could not have been prejudiced in his defense by the fact that the State proved that he beat the child with his open hand rather than with his "hands and fists". "In the present case defendant is not in doubt as to the offense with which he is charged" (*State v. Strescino,* 106 N.H. 554, 557, 215 A.2d 706, 708 (1965)), and the indictment does not fail for indefiniteness.

Since the gravamen of the offense charged was the beating of the child, proof of beating with the open hand rather than with the "hands and fists" was not a material variance, and the words "and fists" became surplusage. *State v. Rousten,* 84 N.H. at 142, 146 A. at 871; *State v. Freije,* 109 N.H. 290, 292, 249 A.2d 683, 685 (1969); *see Commonwealth v. Dowe,*

315 Mass. 217, 219-20, 52 N.E.2d 406, 408 (1943); 41 Am. Jur. 2d *Indictments and Informations* §§ 261-62, 266 (1968).

*Exceptions overruled.*

All concurred.