Merrimack
Nos. 7451, 7488, 7489, 7500

STATE OF NEW HAMPSHIRE v. DONALD HEWITT

STATE OF NEW HAMPSHIRE v. LEONARD E. MILES

STATE OF NEW HAMPSHIRE v. ALFRED BISSON

STATE OF NEW HAMPSHIRE v. DOUGLAS R. DAIGLE

November 30, 1976

712

*David H. Souter,* attorney general, and *James L. Kruse,* assistant attorney general, for the State.

*Vincent J. Nardi II* and *Arthur E. Robbins (Mr. Nardi* orally) for defendant Hewitt.

*Maynard, Dunn & Phillips* and *Edmund J. Waters, Jr., (Mr. Waters* orally) for defendant Miles.

*Leslie R. Long, Jr.,* by brief and orally, for defendant Bisson.

*McLane, Graf, Greene, Raulerson & Middleton* and *Stephen E. Borofsky (Mr. Borofsky* orally) for defendant Daigle.

GRIFFITH, J. The four defendants herein, inmates of the State prison, have been indicted for violations of RSA 642:7 II, which prohibits persons in official custody from "knowingly procur[ing], mak[ing] or possess[ing] anything which may facilitate escape." Defendant Hewitt was charged with possession of two jackknife blades. Defendant Miles allegedly possessed a knife-like instrument. Defendant Bisson was allegedly found with materials constituting the elements of an explosive device. Defendant Daigle was indicted for making a dummy to facilitate his escape. Hewitt has been tried and convicted; the others have not yet been tried. Each defendant filed a motion to dismiss the indictment on the ground that RSA 642:7 II is unconstitutionally vague and overbroad. The motion in the Hewitt case was denied subject to defendant's exception, which was reserved and transferred by *Keller,* C.J. The motions in the Miles, Bisson and Daigle cases were transferred without ruling by *Batchelder,* J.

A criminal statute violates the constitutional requirement of definiteness if it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Connally v. General Constr. Co.,* 269 U.S. 385, 391 (1926); *State v. Albers,* 113 N.H. 132, 133, 303 A.2d 197, 199 (1973). Procedural due process requires that a statute give fair notice to the potential offender of the specific conduct proscribed, and provide law enforcement officials

and triers of fact with reasonably clear guidelines so as to prevent arbitrary and discriminatory enforcement. *Id.* at 134, 303 A.2d at 199; *United States v. Harriss,* 347 U.S. 612, 617 (1954).

Although it is desirable that penal statutes be expressed in language as specific as the subject will permit, mathematical exactness is not required. "There are areas of human conduct where, by the nature of the problems presented, legislatures simply cannot establish standards with great precision." *Smith v. Goguen,* 415 U.S. 566, 581 (1974). "[The] prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke,* 423 U.S. 48, 49 (1975); *State v. Thurston,* 112 N.H. 288, 290, 293 A.2d 770, 771 (1972). "The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Colten v. Kentucky,* 407 U.S. 104, 110 (1972).

The defendants seek to attack the statute on its face, rather than as applied to them, arguing that its imprecision could render an unwitting inmate criminally liable for the possession of a toothbrush or bedsheet. RSA 642:7 II is not, however, a statute which threatens a fundamental right, such as freedom of speech, so as to call for special judicial scrutiny *(see Smith v. Goguen,* 415 U.S. 566, 573 (1974); *Rose v. Locke,* 423 U.S. 48, 50 (1975); *Broadrick v. Oklahoma,* 413 U.S. 601 (1973). We will not, therefore, examine it in a vacuum, but will instead consider it in light of the conduct to which it is applied. *United States v. National Dairy Corp.,* 372 U.S. 29, 36 (1963). These cases fall within the rule of *United States v. Petrillo,* 332 U.S. 1, 7 (1947), that "if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise." *United States v. Harriss,* 347 U.S. 612, 618 (1954). The cases herein concern weapons, decoy materials and the components of an explosive device, items which any reasonable person seeking to comply with RSA 642:7 II would understand to be proscribed. *See Colten v. Kentucky,* 407 U.S. 104, 110 (1972). In any case, the statutory requirement that persons charged under RSA 642:7 II be shown to have had knowledge that the item in question is capable of

facilitating escape would obviate many of the hypothetical situations posed.

*Exceptions overruled; remanded.*

Bois, J., did not sit; the others concurred.