Hillsborough
No. 80-215

# THE STATE OF NEW HAMPSHIRE

v.

# ROBERT DEGRENIER

December 29, 1980

Gregory H. Smith, acting attorney general (Martha V. Gordon, attorney, orally), for the State.

Ray Raimo, public defender, of Manchester, by brief and orally, for the defendant.

GRIMES, C.J.   The question in this aggravated felonious sexual assault case is whether RSA 632-A:2 VIII (Supp. 1979) is void for vagueness or overbreadth because of the use in that statute, without definition, of the term "mentally defective." We uphold the statute.

The defendant was indicted under RSA 632-A:2 VIII (Supp. 1979) for aggravated felonious sexual assault because he allegedly had sexual intercourse with a mentally defective woman who was not his spouse, with reason to know that she was mentally defective. The defendant moved that the indictment be dismissed, claiming that the statute was unconstitutionally vague and overbroad in violation of the first and fourteenth amendments of the United States Constitution and N.H. CONST. pt. 1, art. 15. The Trial Court (Pappagianis, J.) denied the motion without prejudice and ordered an interlocutory transfer.

RSA 632-A:2 VIII (Supp. 1979) makes it a class A felony for a person to engage in sexual penetration with another person not his spouse "[w]hen the victim is mentally defective and the actor knows or has reason to know that the victim is mentally defective." The term "mentally defective," as used in this section, is not defined anywhere in the statutes of this State.

We are not convinced that RSA 632-A:2 VIII (Supp. 1979), even without the benefit of a narrowing judicial construction, is unconstitutionally vague. The term "mentally defective" is no more vague than many other statutory terms describing criminal offenses. See Rose v. Locke, 423 U.S. 48, 50 (1975) (per curiam). Any reasonable person would know that the language was meant to describe people who are of "marked subnormal intelligence." Other jurisdictions have so defined the term. United States v.

*Hansel*, 474 F.2d 1120, 1124 (8th Cir. 1973); *People ex rel. Cirrone v. Hoffmann*, 255 App. Div. 404, 406, 8 N.Y.S.2d 83, 85 (1938). Furthermore, the statute imposes criminal liability only on one who either knows or should have known that the victim was mentally defective. Such a scienter requirement bears heavily on the issue of fair warning of the conduct proscribed and goes far toward clarifying a vague statute. *Colautti v. Franklin*, 439 U.S. 379, 395 (1979); *Goodrow v. Perrin*, 119 N.H. 483, 488, 403 A.2d 864, 867 (1979); *see State v. Hewitt*, 116 N.H. at 713–14, 366 A.2d at 489. Finally, although the degree of mental defectiveness intended to be covered by RSA 632-A:2 VIII (Supp. 1979) may not be entirely clear, the term is sufficient to give the defendant fair warning that, by engaging in sexual intercourse with one who he knows or has reason to know is mentally defective in any recognizable and appreciable degree, he is violating the statute. Mathematical precision in the drafting of penal statutes is not required. *State v. Hewitt*, 116 N.H. at 713, 366 A.2d at 488.

Although it was within the power of the legislature to proscribe sexual intercourse with a person who is mentally defective in any recognizable degree, *see State v. Hill*, 406 A.2d 1334, 1336 (N.J. Super. 1979); *cf. Goodrow v. Perrin, supra* at 489, 403 A.2d at 868, we construe the statute in question to prohibit intercourse only with those persons whose mental deficiency is such as to make them incapable of legally consenting to the act. This construction is not inconsistent with the definition of mental deficiency found in the Interstate Compact on Mental Health. *See* RSA 135-A:1, Art. II(g). More importantly, it is consistent with RSA 632:1 I(d) and RSA 623:3 I(b), the statutory predecessors to RSA 632-A:2 VIII (Supp. 1979), which made it a crime for a person to have sexual intercourse with one not his spouse with knowledge that the other person suffers from a mental abnormality rendering the person incapable of appraising the nature of his or her conduct. It is also consistent with MICH. COMP. LAWS ANN. § 750.520a(c) (Supp. 1980), which defines a "mentally defective" person as a "person [who] suffers from a mental disease or defect which renders that person temporarily or permanently incapable of appraising the nature of his or her conduct." Inasmuch as the General Court modeled RSA 632-A:2 VIII (Supp. 1979) after the Michigan statute, *see* N.H.H.R. JOUR. 600 (1975), it is logical to conclude that the legislature intended the same meaning of the words "mentally defective," and we so hold.

Our construction of the statute is considerably narrower than its broad terms and, therefore, there has been no unforesee-

able enlargement of the statute such as would prohibit its retrospective application to the defendant. *See Douglas v. Buder*, 412 U.S. 430, 432 (1973); *Bouie v. City of Columbia*, 378 U.S. 347, 351–52 (1964). Because any reasonable person seeking to comply with RSA 632-A:2 VIII (Supp. 1979) would know that the statute at least prohibited sexual intercourse with persons who fall within this narrow definition of mentally defective, the statute is not unconstitutionally vague. *See Rose v. Locke*, 423 U.S. at 53; *Dombrowski v. Pfister*, 380 U.S. 479, 491 n.7 (1965).

*Remanded.*

All concurred.