Hillsborough
No. 80-155

THE STATE OF NEW HAMPSHIRE

v.

FRANCIS N. TAYLOR, JR.

June 12, 1981

*Gregory H. Smith,* acting attorney general (*Martha V. Gordon,* assistant attorney general, on the brief and orally), for the State.

*Eaton, Solms & Mills,* of Manchester (*Douglas A. McIninch* on the brief and orally), for the defendant.

BROCK, J. The defendant was indicted on charges of aggravated felonious sexual assault for having engaged in "sexual penetration of [the prosecutrix] under circumstances involving . . . kidnapping . . . ." (RSA 632-A:2 V (Supp. 1979)) and of kidnapping (RSA 633:1), for having "knowingly confined [the prosecutrix] under his control with a purpose to terrorize her." Trial by jury in the Superior Court (*Randall,* J.) resulted in a guilty verdict on the aggravated felonious sexual assault charge and an acquittal on the kidnapping charge, but the jury returned a verdict of guilty on the lesser included offense of false imprisonment, RSA 633:3. On

appeal, the defendant alleges that RSA 632-A:2 (Supp. 1979) is unconstitutionally vague, that the indictment is defective, that the court erred in its instructions to the jury and that the evidence presented at trial was insufficient to support his convictions. We affirm.

■ We have held that, in reviewing a trial court's refusal to set aside a verdict based on the insufficiency of the evidence, "this court must consider the evidence in the light most favorable to the State, which is entitled to all reasonable inferences that arise from the evidence (citations omitted)." *State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978); *State v. Berry*, 117 N.H. 352, 355, 373 A.2d 355, 358 (1977). While conflicting evidence was given at trial by the defendant and the prosecutrix, the jury could have found the following facts. The defendant and his friend, Alvah Goodwin, spent February 1, 1977, "joyriding" around southern New Hampshire, drinking beer and looking for some girls that they could "pick up." Late in the afternoon, the pair arrived in Manchester, where they purchased a road map for the purpose of helping them "trick" a girl into coming over to their car.

They spotted a seventeen-year-old high school girl walking home from school and the defendant pulled his car up next to her. He asked the girl for directions to Massachusetts and, getting out of the car, spread the map on the hood. Once the girl approached the car, the defendant then shoved the girl, who was kicking and screaming, into the car.

The victim testified that once in the car she was placed in the middle of the front seat with the defendant on one side and his friend on the other. She started to cry and asked to be taken home. They ignored this request. The defendant drove the car out of Manchester and stopped at a small country store to buy beer and cigarettes. When the defendant left the car, he told his friend not to let the girl go, and the friend then held on to the girl's right knee and warned her "don't go anywhere, because there's no place to go."

When the defendant returned to the car, he drove toward Concord along some isolated back roads where he stopped on two occasions. On one of these occasions, he attempted to sexually assault the girl but her resistance was sufficient to discourage him and he decided to take her to his apartment in Hillsboro.

Once there, the defendant bolted the door, pulled down the shades, told the girl "don't try to yell, because no one will hear you," and ordered her to take her clothes off or else he would take them off for her. Although she continued to protest and requested

that she be taken home, the defendant persisted in his demands that she remove her clothes. Once undressed, the defendant told her that "if you resist, it will hurt more," and the defendant then proceeded to engage in sexual intercourse with her.

The defendant's version of the episode was quite different from that of the victim. He testified that the girl consented to getting into the car and consented to the act of intercourse. The jury obviously found that much of the testimony given by the defendant at trial was not credible.

■ We conclude that, on all the evidence and the reasonable inferences drawn therefrom, reasonable jurors could find beyond a reasonable doubt that the victim did not consent either to her confinement or to sexual intercourse and that the defendant was guilty of violations of RSA 632-A:2 V (Supp. 1979) and RSA 633:3. The trial court, therefore, did not err in denying defendant's motion to set aside the convictions due to the insufficiency of the evidence. *See State v. Hardy*, 120 N.H. 552, 554, 419 A.2d 398, 399–400 (1980); *accord, State v. Goodwin*, 118 N.H. 862, 867, 395 A.2d 1234, 1237 (1978); *cf. Jackson v. Virginia*, 443 U.S. 307, 312–13, 324 (1979).

The defendant next argues that RSA 632-A:2 V is unconstitutionally vague and therefore violates due process. The statute provides that a person is guilty of aggravated felonious sexual assault, a class A felony, if he engages in sexual penetration "[w]hen the victim submits under circumstances *involving* false imprisonment, kidnapping or extortion." (Emphasis added.) The defendant contends that the use of the word "involving" in the statute, in some fashion, renders the statute unconstitutionally ambiguous or vague. We disagree.

■■ "A criminal statute violates the constitutional requirement of definiteness if it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Hewitt*, 116 N.H. 711, 712, 366 A.2d 487, 488 (1976) (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)); *see Rose v. Locke*, 423 U.S. 48, 49 (1975). Because the statute challenged here does not affect the exercise of a fundamental right, this is not a case justifying a facial attack. *Rose v. Locke, supra* at 50 n.3; *State v. Hewitt, supra* at 713, 366 A.2d at 489.

■■ The issue before us is whether the statute afforded the defendant sufficient warning that the conduct he engaged in was forbidden, *see Rose v. Locke, supra* at 50, and we therefore consider

the statute "in light of the conduct to which it is applied." *State v. Hewitt, supra* at 713, 366 A.2d at 489 (citing *United States v. National Dairy Corp.*, 372 U.S. 29, 36 (1963)); *State v. Piper*, 117 N.H. 64, 65, 369 A.2d 199, 200 (1977). In applying the statute to the facts of this case, we are mindful of the fact that a statute is not unconstitutionally vague merely because the "reviewing court believes [it] could have . . . drafted [the statute] with greater precision." *Rose v. Locke, supra* at 49.

■  Webster's Third New International Dictionary (Unabridged 1961) defines "involve" as follows: "5 a: to have within or as part of itself: Contain, Include . . . ." *Id.* at 1191. It is readily apparent that RSA 632-A:2 V (Supp. 1979) forbids a person from engaging in sexual penetration of another "[w]hen the victim submits under circumstances . . . [which *include*] false imprisonment, kidnapping or extortion."

■  Having reviewed the transcript of the evidence presented at trial, we conclude that RSA 632-A:2 V (Supp. 1979) gave fair warning to the defendant that the conduct with which he was charged, sexual penetration of a victim whom he had kidnapped or falsely imprisoned, was forbidden, and we therefore reject the defendant's argument that the statute is void for vagueness. *See State v. DeGrenier*, 120 N.H. 919, 921, 424 A.2d 412, 413 (1980).

The defendant next contends that the indictment charging him with aggravated felonious sexual assault, RSA 632-A:2 V (Supp. 1979), should have been quashed because it did not specify the facts or circumstances of the underlying kidnapping or false imprisonment. *See State v. Bussiere*, 118 N.H. 659, 661, 392 A.2d 151, 153 (1978).

■  The indictment reads:

"[T]hat Francis N. Taylor, Jr. . . . on the 1st day of February in the year of our Lord one thousand nine hundred and seventy-seven at Hillsboro . . . did purposely engage in sexual penetration in the form of sexual intercourse with [the prosecutrix] . . . [that the prosecutrix] did submit under circumstances involving kidnapping, *said kidnapping occurring when Francis N. Taylor, Jr., did knowingly confine [the prosecutrix] a person, under his control, with a purpose to terrorize the said [prosecutrix]. . . ."*

(Emphasis added.) The language of this indictment is similar to that which we considered in *State v. Bussiere*, 118 N.H. 659, 660–61, 392 A.2d 151, 153 (1978), with the exception that the language

in the italicized portion of the indictment presently before us above did not appear in the *Bussiere* indictment. In other words, the indictment here goes on to describe the offense of kidnapping in the words of the kidnapping statute, RSA 633:1(c), whereas the indictment in *Bussiere* did not. Generally, "an indictment is sufficient if it uses the words of the proper section of the applicable statute." *State v. Meloon*, 119 N.H. 76, 77, 397 A.2d 1041, 1042 (1979) (quoting *State v. Panichas*, 107 N.H. 359, 362, 222 A.2d 211, 213 (1966)).

The defendant, however, argues that the indictment in this case is insufficient because *Bussiere* requires that when a person is charged under RSA 632-A:2 V (Supp. 1979), the indictment "must enumerate the facts establishing the necessary elements of the offense of kidnapping." *State v. Bussiere, supra* at 661, 392 A.2d at 153. The facts which the indictment in this case enumerated were that on February 1, 1977, in Hillsboro, the defendant did knowingly confine the victim, a person under his control, with a purpose to terrorize the victim. Under RSA 633:1(c) "[a] person is guilty of kidnapping if he knowingly confines another under his control with a purpose to: . . . (c) [t]errorize him . . . ."

■■ This case is distinguishable from *Bussiere* because here the necessary elements of the offense of kidnapping were set out in the indictment at issue. The indictment also identified the victim and gave the location and date of the offense. Whether an indictment is sufficient depends on whether "it gives the defendant enough information so that he can prepare for trial," *State v. Meloon*, 119 N.H. at 77, 397 A.2d at 1042; *see State v. Darcy*, 121 N.H. 220, 223, 427 A.2d 516, 518 (1981), by setting forth "all of the necessary elements constituting the offense," *State v. Champagne*, 119 N.H. 118, 119, 399 A.2d 287, 288 (1979) (citations omitted), and enables the defendant to "plead his conviction or acquittal as a bar to further prosecution for the same offense. . . ." *State v. Bussiere, supra* at 662, 392 A.2d at 153–54 (quoting 41 Am. Jur. 2d *Indictments and Informations* § 93 (1968)). Under this standard, we hold that the indictment in this case is sufficient.

■ The defendant's final argument is that the trial court's instructions to the jury were erroneous and insufficient. In making this claim, the defendant points out that the trial court failed to give eight specific jury instructions which he requested. We have held, however, that if the trial court's charge to the jury adequately states the relevant law and standards to be followed by the jury "the court has no obligation to use specific language requested

by a party although it is free to do so." *State v. Gorham,* 120 N.H. 162, 165, 412 A.2d 1017, 1019 (1980).

The defendant's specific objections to the court's charge to the jury are that it was inadequate to apprise the jury that the defense of consent applied to both charges and that it failed to adequately explain "the necessity that the submission to sexual penetration occur at a time when there is actual confinement."

With respect to the defendant's consent defense, the trial court instructed the jury as follows:

> "Now, to all of these charges, the defense has raised the defense of consent . . . . The defense must only raise the defense of consent. The State must disprove it beyond a reasonable doubt. . . .
>
> [A] showing of consent would constitute a complete defense to the crime. Lack of consent may be proved in a variety of ways, including but not limited to an attempt to escape, outcry or offer of resistance, except where the victim is restrained by fear or violence. Although a woman must resist to the extent of her ability, she is not required to risk serious injury which is threatened or feared."

Later, in response to a question from the jury, the court elaborated further:

> "[T]he consent here has to be one of the victim's own free will, not submitting because of fear or *whatever else* that the evidence may show but if you found she submitted with a free will, it amounts to consent. . . ."

(Emphasis added.) The defendant argues also that the insertion of the phrase "whatever else that the evidence may show . . ." could mislead the jury into concluding that "submission out of fear of being laughed at, or being ridiculed or being late for an appointment . . ." would be sufficient to negate consent. We find no merit to this claim.

██  The trial court clearly instructed the jury that the defense of consent applied to both charges. It also adequately paraphrased our holding in *State v. Bass,* 93 N.H. 172, 176, 37 A.2d 7, 10 (1944), that a "woman must resist to the extent of her ability . . . but she is not obliged to risk the peril of serious personal injury that may be threatened or that she may fear." Judged in its totality, we find no error in the trial court's charge on the issue of consent and the extent of resistance required by the victim regarding the rape charge and the kidnapping charge.

■ With respect to the issue of whether the victim must submit while she is actually kidnapped or falsely imprisoned, the court charged the jury that "there must be a finding that [the victim] submitted under circumstances involving either kidnapping or false imprisonment." The defendant argues that this charge was insufficient because the victim may have consented to the false imprisonment or kidnapping at some point before the sexual penetration, thereby negating that element of the crime. It is doubtful that the later consent of a victim to what was initially a kidnapping or false imprisonment would have the effect urged by the defendant. *See State v. Humburgs*, 3 Wash. App. 31, 36, 472 P.2d 416, 419 (1970). Assuming *arguendo* that a delayed consent to the abduction without consent to the sexual penetration would require an acquittal on the aggravated felonious sexual assault charge (RSA 632-A:2 V (Supp. 1979)), we consider the court's instructions on the defense of consent to be adequate to preclude the jury from falling into error. Accordingly, the order is

*Affirmed.*

All concurred.