Merrimack
No. 81-069

### THE STATE OF NEW HAMPSHIRE

v.

### STEVEN MINER

February 12, 1982

*Gregory H. Smith*, attorney general (*Paul J. Barbadoro*, attorney, on the brief), by brief for the State.

*James E. Duggan.* of Concord, appellate defender, by brief for the defendant.

PER CURIAM. The defendant was charged with witness-tampering under RSA 641:5 and was found guilty. The issue in this case is whether the State was required to prove that, in talking with the witness, the defendant used the precise words alleged in the indictment. We hold that the State was not so required.

The indictment charged that the defendant, believing his trial for assault (RSA 631:2-a (Supp. 1979)) and criminal threatening (RSA 631:4) was pending before the Concord District Court, "purposely attempted to induce Jody Welch to absent herself from the trial knowing she had been summoned by saying to Jody Welch, 'If you don't appear I will pay your fine no matter what the amount is,' and when Jody Welch declined, saying, 'If I pay whatever fine you get and give you extra money will you consider.' "

At trial, Jody Welch testified that on July 23, 1980, the morning she was scheduled to testify against the defendant, she received a telephone call from a friend who said Steven Miner wanted to talk with her. Steven Miner then took the telephone and asked Welch if she intended to be a witness against him. Welch said she had to testify because she had been subpoenaed. The defendant then offered to pay her a sum of money for not appearing. She declined, saying she would be held in contempt of court and fined a large amount of money if she did not appear to testify. The defendant responded that he did not care how much money was involved. At trial, on cross-examination, Jody Welch testified that she remembered the gist of the conversation with Miner, although she could not remember his precise words.

At the close of the State's case, the defendant moved for a directed verdict on the ground that the State had not proved the precise language in the indictment. After the court's charge, which included an instruction that only the "substance" of the indictment need be proved, the defendant renewed his motion for a directed verdict, but it was again denied by *DiClerico*, J. After a guilty verdict, the defendant appealed to this court.

The indictment in this case informed the defendant of the

nature and cause of the accusation with sufficient definiteness to allow him to prepare for trial. *State v. Taylor*, 121 N.H. 489, 495, 431 A.2d 775, 778 (1981); *State v. Merski*, 121 N.H. 901, 914, 437 A.2d 710, 718 (1981); *State v. Greenwood*, 113 N.H. 625, 626, 312 A.2d 695, 696 (1973). It informed him of the date and place of the offense and the fact that he was charged with attempting "to induce Jody Welch to absent herself from the trial knowing she had been summoned. . . ." Attempting to induce the witness to absent herself is the gravamen of the offense charged, *see* RSA 641:5 I(d), and the witness' testimony concerning the defendant's words, though it did not include his precise words, did not vary materially from the words alleged in the indictment. *See State v. Greenwood*, 113 N.H. at 626, 312 A.2d at 697. Compliance with ancient, technical rules is not required. The criminal process is not a game. The indictment alleged every element of the offense, *see State v. Merski*, 121 N.H. at 914, 437 A.2d at 718; *State v. Taylor*, 121 N.H. at 495, 431 A.2d at 778, and the proof supported the necessary findings. No more is necessary.

*Affirmed.*

BATCHELDER, J., did not participate.