Hillsborough
No. 81-291

THE STATE OF NEW HAMPSHIRE

v.

DAVID W. VAILLANCOURT

December 30, 1982

*Gregory H. Smith*, attorney general (*James D. Cahill, III*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

PER CURIAM. The only issue presented in this case is whether the Trial Court (*Wyman*, J.) erred in ruling that the indictment against the defendant was sufficient on its face. We hold that the court's ruling was erroneous, and we reverse.

The factual backdrop of the case involves an attempted burglary on the morning of December 8, 1980, at the O'Connor residence in Manchester. On that day, a neighbor observed two young men, allegedly the defendant, David W. Vaillancourt, and one Richard Burhoe, standing together on the O'Connors' front porch. The men were ringing the doorbell and conversing with one another. Because they remained on the porch for approximately ten minutes, the

neighbor became suspicious and began to watch them more closely. She saw them walk around to the side of the house, where Burhoe allegedly attempted to break into a basement window. The defendant allegedly stood by and watched his companion, talking to him intermittently while the companion tried to pry open the window. The neighbor notified the police, who apprehended the defendant and Burhoe as they were fleeing the scene.

Shortly thereafter, a grand jury indicted the defendant for accomplice liability under RSA 626:8, III. The indictment alleged, in pertinent part, as follows:

> "[T]hat David W. Vaillancourt . . . with the purpose of promoting and facilitating the commission of the offense of attempted burglary, did purposely aid Richard Burhoe . . . *by accompanying him to the location of said crime and watching* as the said Richard Burhoe [attempted to commit the crime of burglary] . . . ."

(Emphasis added.) Prior to trial, the defendant filed a motion to dismiss, claiming that the indictment failed to allege criminal conduct on his part. The trial court denied the motion, and a jury subsequently found the defendant guilty as charged. The defendant now contests the sufficiency of his indictment.

■ The defendant bases his argument on the axiomatic principle that an indictment must allege some criminal activity. *See State v. Thresher*, 122 N.H. 63, 70, 442 A.2d 578, 581 (1982); *State v. Taylor*, 121 N.H. 489, 495, 431 A.2d 775, 778 (1981). He specifically contends that his indictment was insufficient because, even if the facts alleged in it were true, they would not have satisfied the elements necessary for accomplice liability or for any other crime. We agree.

■■ The crime of accomplice liability under RSA 626:8, III(a) requires the actor to have solicited, aided, agreed to aid, or attempted to aid the principal in planning or committing the offense. The crime thus necessitates some active participation by the accomplice. We have held that knowledge and mere presence at the scene of a crime could not support a conviction for accomplice liability because they did not constitute sufficient affirmative acts to satisfy the actus reus requirement of the accomplice liability statute. *See State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978); *State v. Shippee*, 115 N.H. 694, 695–96, 349 A.2d 587, 588 (1975).

■ In the instant case, other than the requisite *mens rea*, the State alleged only that the defendant aided Burhoe "by accompanying him to the location of the crime and watching. . . ."

Consistent with our rulings with respect to "mere presence," we hold that accompaniment and observation are not sufficient acts to constitute "aid" under RSA 626:8, III(a). We conclude that the trial court erred in upholding the defendant's indictment.

*Reversed.*

Bois, J., and Brock, J., dissented.

Bois, J., with whom Brock, J., joins, dissenting: I cannot accept the majority's conclusion that accompaniment and observation are insufficient acts to constitute "aid" under the accomplice liability statute, RSA 626:8 III(a). Although I agree that "mere presence" would be an insufficient factual allegation, *see State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978), the indictment in this case alleged more than "mere presence." As the majority concedes, the indictment alleged the requisite *mens rea*. It also alleged accompaniment, which connotes presence *and* some *further connection* between the accomplice and the principal. While not a customary form of assistance, "accompaniment with the purpose of aiding" implies the furnishing of moral support and encouragement in the performance of a crime, thereby "aiding" a principal in the commission of an offense. *Cf. id.* at 866–67, 395 A.2d at 1236–37 (jury could reasonably have concluded that defendant's presence facilitated and encouraged principal to commit rape). I would therefore hold that the indictment in this case sufficiently alleged criminal conduct on the part of the defendant.