Strafford
No. 93-445

THE STATE OF NEW HAMPSHIRE

v.

DENNIS CALL

November 2, 1994

*Jeffrey R. Howard,* attorney general (*Jeffrey S. Cahill,* attorney, on the brief and orally), for the State.

*Judith M. Kasper,* assistant appellate defender, of Concord, on the brief, and *Joachim H. Barth,* assistant appellate defender, orally, for the defendant.

BATCHELDER, J.  The defendant, Dennis Call, was convicted of aggravated felonious sexual assault after a jury trial in Superior Court (*Mohl,* J.). He was charged with violating RSA 632-A:2, VIII (1986), now codified at RSA 632-A:2, I(h) (Supp. 1993), for allegedly engaging in sexual penetration with a mentally defective victim. On appeal he contends: (1) that the State failed to prove beyond a reasonable doubt that the victim was mentally defective; (2) that the trial court erred in denying his motion for services of an expert; and (3) that comments during the State's closing argument amounted to prosecutorial misconduct. We agree that evidence that the victim was mentally defective was legally insufficient and therefore reverse.

On the evening of August 3, 1992, the defendant and two others, Marc Royer and Donald Scott, were sitting on the front steps outside an apartment building in Somersworth. The victim, a forty-year-old female resident of a nearby group home, was walking on the other side of the street. The defendant called to her to join the group, and she did so. She asked for a cigarette, and the defendant gave her one and also offered her a beer. Scott and Royer told the defendant not to give her beer because "she had a condition or whatever" and Royer "knew it wasn't right to give her beer." The defendant then walked the victim to a nearby convenience store.

Ten minutes later the defendant and the victim returned to the apartment building, and the defendant lifted the victim's shirt and grabbed her breasts. Royer heard the victim say "cut it out" and saw her pulling her shirt down. When Royer and Scott told the defendant to leave, he and the victim left the area. Approximately twenty minutes later Royer and Scott saw the defendant and the victim go into an alleyway and decided, a few minutes later, to follow them in. At the entrance to the alley Royer and Scott looked

in and saw the defendant lying on top of the victim. The defendant and the victim both had their pants down.

At trial the victim testified that she was sexually assaulted, describing penile penetration of her vagina, and identified the · defendant as the perpetrator from a group of photographs. When asked about the assault, the victim testified, "I told the guy to stop, but he wouldn't stop, I had to force him."

■ The sole charge brought against the defendant was sexual penetration of a mentally defective person. RSA 632-A:2, I(h) prohibits sexual penetration with mentally defective persons, that is, "only with those persons whose mental deficiency is such as to make them incapable of legally consenting to the act." *State v. Degrenier,* 120 N.H. 919, 921, 424 A.2d 412, 413 (1980). To sustain a conviction under this statute, therefore, the evidence must be sufficient to establish that the victim was incapable of legally consenting to the act. Only if no rational trier of fact, viewing the evidence most favorably to the State, could have found guilt beyond a reasonable doubt will we reverse the conviction. *State v. Lougee,* 137 N.H. 635, 636–37, 631 A.2d 922, 924 (1993).

■ The State introduced evidence that the victim had been living in a group home for several years and that she takes some form of medication. Witnesses testified that the victim was "handicapped"; that she "looked mentally retarded"; that she was once a resident of New Hampshire Hospital; that there was "something mentally wrong" with her. No expert or medical testimony was offered, however, to describe or explain the victim's mental condition. The testimonial reference to the victim's being retarded, moreover, was followed by an instruction to the jury that retardation was not for the lay witness to diagnose. On this state of the record alone, nothing indicates that the victim was incapable of legally consenting to the act. ·

Even more damaging to the State's position, however, is additional evidence from its own witnesses showing that the victim in fact had the ability to legally consent to the act. Royer testified that the victim told the defendant to "cut it out" when he pulled up her shirt and touched her breasts. The victim herself testified that she was "sexually assaulted" and that "I told the guy to stop, but he wouldn't stop, I had to force him." Viewed in the light most favorable to the State, the evidence was insufficient to prove beyond a reasonable doubt that the victim was "mentally defective" within the meaning of the statute. The defendant's conviction must therefore be reversed, and the indictment

dismissed. In view of our decision on this issue, we need not address the defendant's other claims of error.

*Reversed.*

All concurred.