Laconia District Court
No. 7527

## STATE OF NEW HAMPSHIRE

### v.

### DAVID E. PIPER

January 31, 1977

*David H. Souter,* attorney general, *James L. Kruse,* assistant attorney general, and *Peter W. Heed,* attorney *(Mr. Heed* orally) for the state.

*Decker & Hemeon,* of Laconia *(Mr. Robert L. Hemeon* orally) for the defendant.

GRIMES, J.  Defendant was charged with having in his possession when arrested "a weapon to wit, a Dirk knife" contrary to RSA 159:15 (Supp. 1975). The Court, *Martin,* J., certified without ruling, on an agreed statement of facts, the questions of law raised by defendant's motion to dismiss.

On September 25, 1975, defendant was arrested and charged with a violation of RSA 268:25 (Supp. 1975), operating without proof of financial responsibility. While being transported to jail, he made inquiry of the deputy sheriff regarding the legality of certain knives and removed from his person and gave to the deputy a belt buckle which had a blade attached to it. He was subsequently charged with a violation of RSA 159:15 (Supp. 1975).

Defendant claims that RSA 159:15 (Supp. 1975) is unconstitutionally vague. It provides that "[i]f any person, when arrested for an alleged offense . . . is armed with or has upon his person slung shot, metallic knuckles, billies, or other dangerous weapons, . . . he shall be guilty of a misdemeanor."

RSA 159:16 (Supp. 1975) provides that "[W]hoever, except as provided by the laws of this state, . . . carries on his person any stiletto, switch knife, sword cane, pistol cane, blackjack, dagger, dirk-knife, slung shot or metallic knuckles, shall be guilty of a misdemeanor. . . ."

These statutes do not threaten a fundamental right such as freedom of speech so as to require special judicial scrutiny as in the case of *Smith v. Goguen,* 415 U.S. 566 (1974), which is relied on by the defendant. *See also Rose v. Locke,* 423 U.S. 48 (1975). Also we need deal only with the statutes as applied to the defendant in the light of the facts of this case. *United States v. Powell,* 423 U.S. 87 (1975).

■ At oral argument, it was indicated that the blade attached to the belt buckle was perhaps four to five inches long and that when worn would be concealed by the belt. It would be difficult to think of a purpose for such an object other than as a weapon and we have no hesitation in saying that it could be found to be a dangerous one. We need not speculate why the legislature used different language in RSA 159:15 (Supp. 1975) than it did in RSA 159:16 (Supp. 1975). It is sufficient to say that in our opinion, although "doubts as to the applicability of the language [of RSA 159:15 (Supp. 1975)] in marginal fact situations may be conceived . . . the statute gave respondent adequate warning" that this instrument was a dangerous weapon within the meaning of RSA 159:15 (Supp. 1975). *United States v. Powell, supra* at 93; *State v. Hewitt,* 116 N.H. 711, 366 A.2d 487 (1976). We hold therefore that the statute is not unconstitutionally vague as applied to the facts of this case.

■ Defendant's second argument is that because RSA 159:15 (Supp. 1975) applies only to persons who when arrested have upon their persons the prohibited weapons, the statute violates the equal protection clause of the fourteenth amendment to the Constitution of the United States. We reject that argument and hold that there is no equal protection violation.

■ This is not the kind of discrimination involved in *Reed v. Reed,* 404 U.S. 71 (1971), and therefore defendant's reliance on that case is misplaced. *See also Craig v. Boren,* 45 U.S.L.W. 4057 (December 20, 1976). The test to be applied here is whether there is a rational basis for the classification. *Valley Bank v. State,* 115 N.H. 151, 335 A.2d 652 (1975); *Belkner v. Preston,* 115 N.H. 15, 332 A.2d 168 (1975). In this particular case, we see no difference in treatment between the classes because the instrument involved here would also be prohibited under RSA 159:16 (Supp. 1975) which applies whether a person has been arrested or not and the same penalty is applicable. In any event, we are of the opinion that there is a rational basis to treat those arrested differently than those who are not because of the danger to the officer in the performance of his duties and the need to guard against the use of a weapon to effect escape.

*Exceptions overruled.*

All concurred.