THE STATE OF NEW HAMPSHIRE

v.

VIRGINIA M. WINSLOW

July 3, 1991

*John P. Arnold,* attorney general (*Jeffrey W. Spencer,* attorney, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant, Virginia Winslow, was indicted on three counts of welfare fraud in violation of RSA 167:17-b, I(d). She moved to dismiss all three indictments, arguing that RSA 167:17-b, I(d) is ambiguous and that, due to this ambiguity, the indictments failed to state a cause of action against her and violated her right to due process. The Trial Court (*Dalianis,* J.) granted the

defendant's motion to dismiss and denied the State's motion for reconsideration. It is from these rulings that the State now appeals. For the reasons that follow, we reverse and remand.

RSA 167:17-b, I(d) states that no person shall:

> "[i]ntentionally fail to disclose the receipt of property, wages, income or resources or any change in circumstances *which would affect his eligibility for assistance* or *his initial or continued right to any benefit or payment* for the purpose of receiving any assistance, benefit or payment under RSA 167 or RSA 161 to which he is not entitled."

(Emphasis added.) The three indictments in the present case allege that the defendant, the mother of children eligible for aid to families with dependent children (AFDC), intentionally failed to disclose to the New Hampshire Division of Human Services that: (1) Robert R. Winslow was a supporting member of her household; and (2) she had received income from two jobs.

On appeal, the State argues that all three indictments state a cause of action against the defendant, because RSA 167:17-b, I(d), when read in conjunction with other statutes contained in RSA chapter 167, provides the defendant with sufficient notice that the intentional failure of a parent or caretaker of an AFDC-eligible child to disclose a change in circumstances affecting the child's eligibility for AFDC benefits is a crime. The defendant, on the other hand, maintains that a reasonable person would not read RSA 167:17-b, I(d) to impose liability on any person other than the person entitled by statute to AFDC benefits. Because the list of those eligible for AFDC benefits includes only needy children, and not their parents or caretakers, *see* RSA 167:6, V (Supp. 1990), she contends that, as a parent of AFDC-eligible children, she is not subject to prosecution under RSA 167:17-b, I(d). The defendant presents two additional arguments as to why the trial court's ruling should be affirmed, but we do not address them because they were not raised below. *See State v. Santana*, 133 N.H. 798, 809, 586 A.2d 77, 83 (1991).

■■ The issue presented in this case is whether RSA 167:17-b, I(d) is unconstitutionally vague, in that it fails to adequately notify a parent or caretaker of a child eligible for AFDC that the parent/caretaker's intentional failure to disclose a change in circumstances affecting the child's eligibility for AFDC benefits is a crime. "'Due process requires that a statute proscribing conduct not be so vague as to fail to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited.'" *Appeal of Plantier*, 126 N.H.

500, 513, 494 A.2d 270, 277 (1985) (quoting *In re Doe*, 123 N.H. 634, 641, 465 A.2d 924, 929 (1983)). The necessary specificity, however, need not be contained in the statute itself, but rather, the statute in question may be read in the context of related statutes, prior decisions, or generally accepted usage. *State v. Bauer*, 337 N.W.2d 209, 210 (Iowa 1983); *see State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977) (stating that "[a]lthough guidelines do not appear in a statute, a reviewing court may, by resort to judicial construction, cure an otherwise unconstitutionally vague provision"). The party challenging the statute as void for vagueness bears a heavy burden of proof in view of the strong presumption of a statute's constitutionality. 1A N. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 21.16, at 138 (Sands 4th ed. 1985).

■ AFDC is a program financed largely by the federal government, but administered by the States. Annotation, *Supreme Court's Views as to Construction and Application of Aid to Families with Dependent Children (AFDC) Provisions of Social Security Act (42 U.S.C.S. §§ 601–615)*, 84 L. Ed. 2d 917, 922 (1987). Its very title indicates that Congress's intent in enacting the program was to provide financial assistance to needy children and the parents or relatives who lived with and cared for them. *Id.* at 928. Moreover, the term "aid to families with dependent children" is defined by section 606 of the federal Social Security Act as including "money payments with respect to a dependent child or dependent children . . . [which] are made on behalf of such child . . . directly to a person furnishing food, living accommodations, or other goods, services, or items to or for such child." 42 U.S.C. § 606(b) (1988). Therefore, although it is generally the child who is eligible for AFDC benefits, it is the parent or caretaker of the minor child who is the actual recipient of the benefits on behalf of the child, and who, under RSA 167:17, has the duty to disclose a change in circumstances that would affect the amount of assistance to which the child is entitled.

■ If read in a commonsense manner together with RSA 167:17, and keeping in mind the meaning of the term "aid to *families* with dependent children," RSA 167:17-b, I(d) provides a person of ordinary intelligence with sufficient notice that a parent or caretaker's intentional failure to report a change in circumstances that would affect the receipt of assistance on behalf of an AFDC-eligible child constitutes a criminal act. Although RSA 167:17-b, I(d) could perhaps have been more precisely worded, "'[m]athematical exactness is not required in a penal statute, nor is a law invalid merely because

it could have been drafted with greater precision.'" *State v. Saucier,* 128 N.H. 291, 297, 512 A.2d 1120, 1124 (1986) (quoting *State v. Dow,* 126 N.H. 205, 207, 489 A.2d 650, 651 (1985)). Accordingly, we hold that RSA 167:17-b, I(d) is not unconstitutionally vague, and that the trial court erred in granting the defendant's motion to dismiss.

*Reversed and remanded.*

All concurred.