Merrimack
No. 93-424

THE STATE OF NEW HAMPSHIRE

v.

PHILIP E. FITANIDES

March 1, 1995

*Jeffrey R. Howard,* attorney general (*Stephen J. Judge,* senior assistant attorney general, on the brief and orally), for the State.

*Sulloway & Hollis,* of Concord (*Warren C. Nighswander* on the brief and orally), for the defendant.

BATCHELDER, J. The defendant, Philip E. Fitanides, was convicted of unlawful possession and sales of fireworks, RSA 160-B:2 and :4 (1994), after a jury trial in Superior Court (*O'Neill,* J.). On appeal he challenges the fireworks statute as unconstitutionally vague and argues that the evidence was insufficient to support his convictions. We affirm.

The defendant has been engaged in the sale of fireworks since 1985 when he incorporated his business, Astro Spectacular. The articles of incorporation of his business state as a principal purpose the wholesale sale of fireworks, permissible under the fireworks statute then in effect. *See* RSA ch. 160 (1977) (repealed).

After several legislative amendments, a new fireworks statute was enacted effective March 1, 1992. *See* RSA ch. 160-B (1994). Under the new law, among other provisions, all sales of fireworks are prohibited except by persons holding federal and local permits and a State license. RSA 160-B:2, I (1994). Sales are permitted to be made only to persons presenting a certificate of competency to display fireworks and a display permit, to persons presenting a license to store fireworks, or at wholesale under the restrictions of RSA 160-B:6 (1994). RSA 160-B:2, II (1994).

Prior to the effective date of RSA chapter 160-B, Sergeant John McMaster of the State Police visited the defendant at his place of business "to make sure that he was aware of the statute and the new limitations and restrictions." Sergeant McMaster told the defendant that he would "no longer be able to take and sell fireworks in the method that he had been doing," and left with the defendant a copy of the new statute and an information sheet outlining the restrictions. Included on the information sheet were references to requirements relative to the sale of class B and class C fireworks. The defendant told the sergeant that he was aware of the new law and had heard that some fireworks stores were having going-out-of-business sales.

On March 17, 1992, State Police Corporal John Meaney went to the defendant's place of business in an undercover capacity to purchase fireworks. The defendant did not have a State license to sell fireworks and Corporal Meaney did not present a certificate of competency to display fireworks, a display permit, or a license to store fireworks. Corporal Meaney told the defendant he wanted to buy $45 worth of fireworks for a party at his home in Salem, New Hampshire. The defendant used an order form to select $45 worth of fireworks. As he handed Corporal Meaney the items, the defendant stated that a new law prohibited him from selling fireworks anymore but that he was going to do it anyway. Acknowledging that the State Police had told him he could no longer sell fireworks, the defendant told Meaney, "[L]et the goddamn state police try to stop me or prevent me from

selling them." He also told Meaney that if a State Police officer should come in during the sale, "tell him you work for me." Among the items the defendant sold to Meaney were two Roman candles, labeled by the Federal Department of Transportation (DOT) as class B fireworks. The defendant cut off the labels. Most of the other items were labeled DOT class C fireworks, some indicating, "Warning: Shoots explosive balls," or "Warning: Flammable."

On April 6, 1992, Corporal Meaney returned to the defendant's place of business and bought more fireworks for $71. When he asked for more Roman candles, the defendant told him "that he had reliable information that he was going to be raided, so he put those things away until things cooled off." Corporal Meaney purchased numerous items marked DOT class C fireworks, including single-shot mortar tubes labeled, "Warning: Shoots explosive balls."

At trial, Corporal Meaney specifically described the items he had purchased on both occasions. Several of the items had been analyzed by the State Police laboratory and others were videotaped as they were ignited. The tape depicting the fireworks being shot off was played for the jury. The jury also heard testimony from Morris Boudreau, a State Police criminalist, that the purchased items were designed to be ignited by combustion and produced visual and audible effects after ignition.

The defendant first argues that RSA chapter 160-B is unconstitutionally void for vagueness. He contends that the definition of "fireworks" in RSA 160-B:1 (1994) is too vague and uncertain for the public to conform their conduct to the requirements of the law. We disagree.

█ Due process requires that a statute that proscribes conduct not be so vague that it fails to give persons of ordinary intelligence a reasonable opportunity to know what conduct is proscribed. *State v. Winslow,* 134 N.H. 398, 399, 593 A.2d 238, 240 (1991). "The necessary specificity, however, need not be contained in the statute itself, but rather, the statute in question may be read in the context of related statutes, prior decisions, or generally accepted usage." *Id.* at 400, 593 A.2d at 240.

RSA 160-B:1 contains the definition of fireworks, and this definition is the same as that which appeared in the prior law, RSA chapter 160-A, effective in 1989:

As used in this chapter:

I.   "Fireworks" means class B special fireworks and class C common fireworks as defined in this section.

II.  "Class B special fireworks" means class B special fireworks as defined in 49 CFR section 173.88(d), packaged and unpackaged.

III. "Class C common fireworks" means class C common fireworks as defined in 49 CFR section 173.100(r), packaged and unpackaged.

RSA 160-B:1.

■ Title 49 C.F.R. § 173.88(d) (1990), incorporated by reference in RSA 160-B:1 as the definition for class B special fireworks under New Hampshire law, provides in pertinent part: "Special fireworks are devices designed primarily to produce visible or audible effects, or both visible and audible effects by combustion or explosion." Title 49 C.F.R. § 173.100(r) (1989), similarly incorporated by reference with respect to class C common fireworks, provides in pertinent part: "Common fireworks are devices suitable for use by the public and designed primarily to produce visible or audible effects, or both visible and audible effects, by combustion." Under the statutory scheme in effect at the time of the defendant's charged conduct, therefore, fireworks are devices intended to produce visible and/or audible effects either by combustion or explosion. Despite the defendant's contention that this definition is too general, we believe that the reasonable person seeking to comply with RSA chapter 160-B would understand the term "fireworks" as thus defined. *See State v. Hewitt,* 116 N.H. 711, 713, 366 A.2d 487, 489 (1976) (statute prohibiting inmates from possessing "anything which may facilitate escape" not unconstitutionally vague), *aff'd sub nom. Bisson v. New Hampshire,* 429 U.S. 1081 (1977).

■ Pointing to new and additional federal regulations governing the transportation of fireworks, the defendant argues that the labyrinthine regulatory procedure is now too confusing for the definitions of "fireworks" to be reasonably understood. He concedes, however, that the definitions contained in 49 C.F.R. §§ 173.88(d) and 173.100(r) remained in effect at the time of his arrest. Particularly where the defendant is engaged in the business regulated by the statute at issue, his vagueness challenge fails. *Cf. Papachristou v. City of Jacksonville,* 405 U.S. 159, 162–63 (1972) (where regulatory statute challenged as vague for failure to give fair notice of offending conduct, person engaged in regulated business assumed to be "alerted to the regulatory schemes").

■ The defendant next argues that the State failed to prove that the items purchased by Corporal Meaney were fireworks within the meaning of the statute. When a defendant challenges the legal sufficiency of the evidence, we ask whether any rational trier of fact, viewing the evidence and reasonable inferences therefrom in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *State v. Allcock,* 137 N.H. 458, 461, 629 A.2d 99, 101 (1993).

Here the State produced evidence that the items sold by the defendant bore class B and class C fireworks labels. Mr. Boudreau's analysis of representative samples and the videotapes of exploding items were presented to the jury. Through the testimony of Corporal Meaney, moreover, the jury could have found that the defendant was in fact aware of the illegality of his conduct. That the items possessed and sold by the defendant were fireworks was supported by sufficient evidence.

*Affirmed.*

All concurred.