Concord District Court
No. 97-458

IN RE JUSTIN D.

December 13, 1999

*Philip T. McLaughlin*, attorney general (*Charles T. Putnam*, senior assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Portsmouth (*Alan J. Cronheim* on the brief and orally), for Justin D.

THAYER, J. Justin D., a juvenile (Justin), appeals his adjudication of delinquency following a bench trial at the Concord District Court (*Korbey*, J.) for possessing a dangerous weapon at the time of his arrest in violation of RSA 159:15 (1994) (amended 1998).We affirm.

The following facts were adduced at trial. On February 21, 1997, sixteen-year-old Justin and the victim agreed to fight. The fight occurred on Woodman Street, behind Concord High School. The Concord Police Department was called to respond to the fight. Officer Reilly was the first officer to arrive on the scene. He did not witness the fight but saw the victim lying in the street, receiving CPR. The victim appeared to be "hurt very badly." He stopped breathing and died the following morning from a subdural hematoma caused by a blunt force to the head.

A student informed Officer Reilly that Justin was involved in the incident and that he was inside the school. Officer Reilly found Justin in the vice principal's office and detained him. Officer Reilly performed a patdown search and recovered two rolls of pennies wrapped in duct tape from Justin. Subsequently, Detective Duval entered the vice principal's office and was briefed by Officer Reilly. Detective Duval recognized the reinforced coin rolls as a device used to strengthen a punch. He then conducted a second patdown search of Justin.

The vice principal asked Justin about the reinforced coin rolls. Justin responded that he kept them for "protection." Justin told the vice principal that the victim struck him three times and that he responded by punching the victim in the face.

Detective Duval placed the reinforced coin rolls in a routing envelope. Justin's father arrived and after conferring with counsel, informed the police that Justin would not voluntarily go to the police station to make a statement. Also present was Lieutenant Murphy, who then arrested Justin for assault. The time of arrest was approximately 2:44 p.m. At that time, the reinforced coin rolls were

in police custody. Justin was later charged with violation of RSA 159:15 for possessing a dangerous weapon when arrested.

After an adjudicatory hearing, the court ruled that a person violates RSA 159:15 if, at the time of arrest, he is armed with or has upon his person a dangerous weapon. The court found that Justin "was not armed with, nor did he have upon his person the rolled coins at 2:44 p.m." The court, however, found that the State proved the charge of possession of a dangerous weapon in violation of RSA 159:15 beyond a reasonable doubt and found Justin to be delinquent. The court then found that the State did not prove beyond a reasonable doubt that Justin committed simple assault.

On appeal, Justin contends that the court erred in: (1) finding him chargeable for possession of a dangerous weapon at the time of arrest; and (2) finding that RSA 159:15 is not unconstitutionally vague as applied. We address each argument in turn.

Justin first argues that the adjudication of delinquency for possession of a dangerous weapon at the time of arrest must be reversed because the trial court found that the police had custody of the reinforced coin rolls at the time of his arrest. According to Justin, the State therefore failed to prove that he, "when arrested," was armed with or had on his person a dangerous weapon. We disagree.

The version of RSA 159:15 in effect at the time of Justin's arrest provided:

> **Weapons; Possession.** If any person, *when arrested* for an alleged offense against the laws of this state, is armed with or has upon his person slung shot, metallic knuckles, billies, or other dangerous weapons, or has used such weapons . . . in committing the offense for which he is arrested he shall be guilty of a misdemeanor.

(Emphasis added.) "On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Johnson*, 134 N.H. 570, 575, 595 A.2d 498, 502 (1991) (quotations omitted).

■ RSA 159:15 is not found in the Criminal Code. The general provisions contained in the Criminal Code, however, "are applicable to offenses defined outside this code." RSA 625:7 (1996). This includes RSA 625:3, which provides that "[a]ll provisions of [the criminal] code shall be construed according to the fair import of their terms and to promote justice." RSA 625:3 (1996). Therefore, even though RSA 159:15 is not part of the Criminal Code, we

construe it according to the "fair import of [its] terms and to promote justice." *Id.*

The precise meaning of the phrase "when arrested" under RSA 159:15 is not defined in the statute, nor is it clear on its face. *See Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). The statutory definition of "arrest" is "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." RSA 594:1 (1986).

While Justin correctly points out that a legal distinction exists between detention and arrest, *see* RSA 642:2 (1996), such a distinction does not mean that RSA 159:15 cannot apply to both. During detention, the police frisked Justin twice in order, *inter alia*, to remove dangerous weapons from him. We read the statutory language "when arrested" to apply to detentions that lead in an unbroken fashion to arrest. This construction of RSA 159:15 effectuates the underlying purpose of RSA 159:15, *see Doggett v. Town of North Hampton*, 138 N.H. 744, 746, 645 A.2d 673, 675 (1994) (holding statutes must be construed to effectuate their evident purpose), which includes protecting police officers in the performance of their duties and guarding against the use of a weapon to effect escape. *State v. Piper*, 117 N.H. 64, 66, 369 A.2d 199, 201 (1977). Under the facts of this case, the fair import of the statute was satisfied because Justin "possessed" the reinforced coin rolls at the time he was detained and his detention ripened into a formal arrest in one, unbroken chain of events. This interpretation "harmonizes with the context and the apparent policy and objects of the legislation." *State ex rel Fortin v. Harris*, 109 N.H. 394, 396, 253 A.2d 830, 831 (1969). Furthermore, "[because] a literal construction of [the] statute does violence to the apparent policy of the Legislature, it will be rejected." *Id.* at 395, 253 A.2d at 830-31 (quotation omitted).

Justin next contends that RSA 159:15 is unconstitutional because it did not sufficiently notify him that "other dangerous weapons" included reinforced coin rolls. Justin does not raise a State constitutional claim, so we examine only whether the statute violated his federal constitutional rights. *Simpkins v. Snow*, 139 N.H. 735, 739-40, 661 A.2d 772, 776 (1995).

"Due process requires that a statute proscribing conduct not be so vague as to fail to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *State v. Winslow*, 134 N.H. 398, 399, 593 A.2d 238, 240 (1991) (quotation omitted). "The necessary specificity, however, need not be contained in the statute

itself, but rather, the statute in question may be read in the context of related statutes, prior decisions, or generally accepted usage." *Id.* at 400, 593 A.2d at 240. "The party challenging the statute as void for vagueness bears a heavy burden of proof in view of the strong presumption of a statute's constitutionality." *Id.*

RSA 159:15 prohibits the possession of "slung shot, metallic knuckles, billies, or *other dangerous weapons.*" (Emphasis added.) We construe the phrase "other dangerous weapons" to include items of a similar character to "slung shot, metallic knuckles, [or] billies." *See State v. Wilson*, 140 N.H. 44, 45, 662 A.2d 954, 955 (1995) (holding general words in statute following specific words are construed to include items of similar character).

■ Dealing with the statute as applied to Justin in light of the facts of this case, our inquiry on appeal is whether the statute provided Justin with a reasonable opportunity to know that reinforced coin rolls constituted a dangerous weapon. He points to no evidence of any use for the reinforced coin rolls other than as a weapon. Justin admitted that he kept the reinforced coin rolls for "protection" and carried them with him to a prearranged engagement for a fist fight which led to the death of one of the combatants. Detective Duval recognized the reinforced coin rolls as a device used to strengthen a punch. Under the facts of this case, we hold that the statute gave Justin "adequate warning that this instrument was a dangerous weapon within the meaning of RSA 159:15." *Piper*, 117 N.H. at 66, 369 A.2d at 201 (quotation omitted) (holding RSA 159:15 adequately notified defendant that belt buckle with attached blade constituted "other dangerous weapon").

*Affirmed.*

BROCK, C.J., did not sit; the others concurred.