Strafford
No. 2002-169

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND PORELLE

Argued: February 12, 2003
Opinion Issued: April 28, 2003

*Stephen J. Judge*, acting attorney general (*Susan P. McGinnis*, attorney, on the brief and orally), for the State.

*Landya McCafferty*, assistant appellate defender, of Dover, on the brief and orally, for the defendant.

BROCK, C.J. The defendant, Raymond Porelle, was convicted of two counts of stalking. *See* RSA 633:3-a, I(d)(4), I(d)(5)(A) (1996 & Supp. 1999) (amended 2000). He collaterally attacks the constitutionality of portions of the stalking statute. We affirm.

The relevant facts are not in dispute. The defendant and the victim were in the midst of divorce proceedings in the spring of 1999. The victim had obtained a domestic violence restraining order against him. A visitation schedule was established which granted the defendant visitation with his two teenage sons on Saturdays from 9 a.m. to 6 p.m. The pick-up and drop-off point was the home of the defendant's aunt. On May 22, May 29 and June 5, 1999, the victim left the boys at the defendant's aunt's house for the scheduled visitation. On each occasion, the boys decided that they would not go with their father. The defendant then parked his car down the street from his aunt's house and waited for the victim to arrive. When she arrived and picked up her sons, he then followed her in his car for some distance.

After his conviction for stalking, the defendant filed a motion for a new trial based upon newly discovered evidence. We affirmed the trial court's

denial of his motion in an unpublished order. *See State v. Porelle*, No. 2000-684 (N.H. Sept. 25, 2001). While his appeal was pending, the defendant filed a second motion for a new trial asserting ineffective assistance of trial counsel. The Superior Court (*T. Nadeau*, J.) denied the motion, and, in response, the defendant moved to reconsider and vacate, arguing for the first time that the stalking statute was unconstitutionally vague. The court denied the motion. On appeal, the defendant argues that the trial court erred in denying his motion because the stalking statute is unconstitutionally vague, both on its face and as applied, in violation of his due process rights under Part 1, Article 15 of the New Hampshire Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

Although the trial court's denial of the defendant's motion to reconsider and vacate may have been within its sound discretion, *see State v. Winn*, 141 N.H. 812, 814 (1997); *State v. Houle*, 120 N.H. 160, 161 (1980), we will address the merits of his constitutional claim in the interest of judicial economy. *See State v. Woodard*, 146 N.H. 221, 225 (2001). Within the context of this case, we will assume without deciding that the defendant has the right to attack collaterally the constitutionality of the stalking statute either through a petition for writ of habeas corpus or other post-verdict proceeding. *See* RSA ch. 534; SUPER. CT. R. 105.

Under one section of New Hampshire's stalking statute then in effect, a person is guilty of stalking if he or she purposely, knowingly or recklessly stalks another. RSA 633:3-a, II(b) (1996) (amended 2000). Stalking means, among other things:

> (4) To appear on more than one occasion for *no legitimate purpose* in proximity to the residence, place of employment, or other place where another person is found under circumstances that would cause a reasonable person to fear for his personal safety; or

> (5) After being served with, or otherwise provided notice of, a protective order ... on a single occasion and in violation of the provisions of such order to:

> (A) *Follow* another person from *place to place*.

RSA 633:3-a, I(d) (emphasis added). The defendant argues that the emphasized language is "standardless and undefined," and is unconstitutionally vague because it does not provide sufficiently specific limits on the enforcement discretion of the police.

We address the defendant's State constitutional claim first, citing federal law only to aid in our analysis. *State v. Ball*, 124 N.H. 226, 231-33

(1983). We will not undertake a separate federal analysis because the Federal Constitution affords no greater protection than the State Constitution with regard to whether a statute is unconstitutionally vague. *State v. Saucier*, 128 N.H. 291, 297 (1986); *see Hill v. Colorado*, 530 U.S. 703, 732-33 (2000).

"A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill*, 530 U.S. at 732. Regarding the first inquiry, we have stated: "Due process requires that a statute proscribing conduct not be so vague as to fail to provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *In re Justin D.*, 144 N.H. 450, 453 (1999) (quotation omitted). "The necessary specificity, however, need not be contained in the statute itself, but rather, the statute in question may be read in the context of related statutes, prior decisions, or generally accepted usage." *State v. Winslow*, 134 N.H. 398, 400 (1991). "Mathematical exactness is not required in a penal statute, nor is a law invalid merely because it could have been drafted with greater precision." *Saucier*, 128 N.H. at 297 (quotation omitted). "The party challenging the statute as void for vagueness bears a heavy burden of proof in view of the strong presumption of a statute's constitutionality." *Winslow*, 134 N.H. at 400.

 The State concedes that a facial challenge to the stalking statute is warranted because the statute implicates the fundamental right to freedom of movement. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *State v. Glidden*, 122 N.H. 41, 46 (1982).

For each phrase the defendant questions, we will first consider whether the statutory language provides fair notice both facially and as applied to the defendant. Then we will discuss each phrase's potential for arbitrary enforcement, facially and as applied.

*I. Follow from Place to Place*

RSA 633:3-a prohibits knowingly following a person from place to place after having been served with a protective order. RSA 633:3-a, I(d)(5)(A), II(b). The defendant argues this language is unclear because the statute does not define "follow" or "place to place."

First, the concern that a statute does not provide adequate notice to citizens is ameliorated by a scienter requirement. *Hill*, 530 U.S. at 732. Here, the defendant was charged with knowingly stalking the victim, and

we note that his facial challenge does not attack the component of the statute prohibiting reckless stalking.

We construe Criminal Code provisions "according to the fair import of their terms and to promote justice." RSA 625:3 (1996); *State v. Foss*, 148 N.H. 209, 211 (2002). To follow is "to go, proceed, or come after." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 883 (unabridged ed. 1961). "Place" is a physical environment or space. *Id.* at 1727.

■ The language of subsection I(d)(5)(A) gives clear notice to a person of ordinary intelligence that, after being served with a protective order, the act of traveling directly behind the car of the protected person while that person travels from one physical space to another is proscribed by the Criminal Code. Subsection I(d)(5)(A) does not require persons of ordinary intelligence to guess either about its meaning or its application. Our reading of this subsection indicates that it is sufficiently clear to withstand a facial attack on the ground of vagueness. The statute uses plain and easily understood words, and we hold that it is not unconstitutionally vague on its face.

■ Assessing the statute as applied to the defendant, our inquiry is whether the statute provided him with a reasonable opportunity to know that he was prohibited from driving his car directly behind the victim's for some distance. *See Justin D.*, 144 N.H. at 454. The likelihood that the defendant did not understand these common words is remote. Reading RSA 633:3-a, I(d)(5)(A) and II(b) in a common sense manner, together with the protective order, we conclude that it is clear what these portions of the stalking statute prohibit; thus, we hold that the statute gave the defendant adequate warning that his actions were prohibited. Hence we reject the defendant's argument that these portions of RSA 633:3-a are void for vagueness as applied to him.

The defendant also argues that these words are subject to the differing interpretations of police officers. He hypothesizes that a different officer may not have considered his actions as "following from place to place" because he never followed the victim to her ultimate destination. Although the legislature must establish minimal guidelines to govern law enforcement, *Chicago v. Morales*, 527 U.S. 41, 60 (1999), "enforcement requires the exercise of some degree of police judgment." *Hill*, 530 U.S. at 733 (quotation omitted). We conclude that the degree of judgment required by RSA 633:3-a, I(d)(5)(A) is acceptable, both on its face, and as applied in the defendant's circumstances.

*II. No Legitimate Purpose*

The defendant next argues that the phrase, "for no legitimate purpose," is undefined and vague such that police officers could have varying interpretations of what constitutes a legitimate purpose for a person to be in a specific location.

A person is guilty of stalking if he knowingly appears on more than one occasion for no legitimate purpose in proximity to a place where another person is found under circumstances that would cause a reasonable person to fear for his personal safety. RSA 633:3-a, I(d)(4), II(b). A legitimate purpose is one that is genuine or "accordant with law." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, *supra* at 1291.

▮ By taking this phrase out of context, the defendant ignores the fact that the statute measures a defendant's actions by an objective standard, in that the offending conduct is only prohibited under circumstances that would cause a reasonable person to fear for his or her safety. The term "no legitimate purpose" read in the context of the entire statute, coupled with an objective standard, does not leave too much discretion to police officers. The presence or absence of a genuine or lawful purpose for appearing in proximity to another can readily be determined. We therefore conclude that the phrase "no legitimate purpose" does not render the statute unconstitutionally vague, either on its face or as applied to the defendant. *See People v. Stuart*, 742 N.Y.S.2d 767, 768 (App. Term. 2002).

The defendant argues that RSA 633:3-a is similar to loitering statutes that the United States Supreme Court has found unconstitutionally vague. *See Morales*, 527 U.S. 41; *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972). We disagree.

In *Morales*, the Court concluded that an ordinance, which punished loitering by gang members (remaining in one place "with no apparent purpose," *Morales*, 527 U.S. at 47 (quotations omitted)), was unconstitutionally vague. *Id.* at 64. In support of its conclusion, the Court noted that the ordinance contained no *mens rea* requirement, reached innocent conduct, provided police officers with too much discretion, was inherently subjective, and required no harmful purpose on the part of the accused. *Id.* at 55, 60-64. RSA 633:3-a suffers from none of these detriments. We are not persuaded that the unconstitutionally vague "no apparent purpose" language in *Morales* is comparable to RSA 633:3-a's "no legitimate purpose." *See State v. Rucker*, 987 P.2d 1080, 1094-95 (Kan. 1999). In assessing whether lawful authority exists to appear in proximity to another, the presence or absence of a legitimate purpose for such action can readily be determined by a reasonable person. *See id.* at 1094. Reading the phrase "legitimate purpose" in conjunction with the rest of the

statutory language does not require a person of common intelligence to guess at its meaning. *See id.* at 1095; *but see State v. Norris-Romine*, 894 P.2d 1221, 1224-25 (Or. Ct. App. 1995) (concluding that term "no legitimate purpose" rendered stalking statute unconstitutionally vague where State conceded that statute did not inform person of ordinary intelligence what conduct was prohibited).

The Court in *Papachristou* concluded that a vagrancy ordinance was plainly unconstitutional. *Papachristou*, 405 U.S. at 171. In that case, the "scales of justice [were] so tipped that even-handed administration of the law [was] not possible." *Id.* The Court noted that the statute afforded police officers unfettered discretion, allowed arrests without probable cause, provided no standards governing its application and unfairly targeted poor and unpopular people. *Id.* at 168-71. RSA 633:3-a suffers from none of these detriments.

The defendant has not persuaded us that RSA 633:3-a, I(d)(4) or I(d)(5)(A) is unconstitutionally vague either on its face or as applied to him.

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.