Exeter District Court
No. 2003-070

THE STATE OF NEW HAMPSHIRE

v.

PAUL B. GATCHELL

Argued: January 21, 2004
Opinion Issued: March 12, 2004

*Peter W. Heed,* attorney general (*Susan P. McGinnis,* assistant attorney general, on the brief and orally), for the State.

*Andrew F. Cotrupi,* of Hampton, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Paul B. Gatchell, appeals the suspension of his license, *see* RSA 263:57 (Supp. 2003), following his conviction for negligent driving, *see* RSA 265:79-b (Supp. 2003). He contends that RSA 263:57 is void for vagueness and an unconstitutional delegation of legislative authority, and that the Trial Court (*Cullen,* J.) erred in suspending his license. We affirm.

On June 5, 2002, New Hampshire State Trooper Roblee observed the defendant's vehicle enter Route 101 east, traveling at a high rate of speed. As Trooper Roblee attempted to get closer to the vehicle, he observed it weaving in and out of traffic without using directional signals. During his pursuit, he observed the defendant driving in excess of one hundred miles per hour. Trooper Roblee stopped the defendant as he exited Route 101. After learning that he was transporting his passenger to Exeter Hospital,

Trooper Roblee advised him to bring her to the emergency room and to be prepared to produce his license and registration there. At the hospital, Trooper Roblee charged the defendant with reckless driving. *See* RSA 265:79 (Supp. 2003). Following a bench trial, he was convicted of negligent driving. *See* RSA 265:79-b. The trial court then suspended his license for thirty days pursuant to RSA 263:57.

RSA 263:57, I, provides:

> Any justice of a district or municipal court or of the superior court may suspend any license issued to any person, for a period not to exceed 30 days, after a conviction of an offense under the provisions of this title, after due hearing, for any cause which he may deem sufficient.

The defendant first argues that RSA 263:57 is unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *State v. Porelle*, 149 N.H. 420, 423 (2003) (quotations omitted). "The party challenging the statute as void for vagueness bears a heavy burden of proof in view of the strong presumption of a statute's constitutionality." *Id.*

In this case, the defendant presents a facial challenge to RSA 263:57. Without deciding whether the defendant has a constitutional right to a driver's license, *see id.* (facial attack warranted only where vagueness claim implicates fundamental right), we conclude that RSA 263:57, I, is not unconstitutionally vague. By its very terms, the statute is applicable only after conviction for an offense defined within the Motor Vehicle Code. Its language gives unambiguous notice to a person of ordinary intelligence that a violation of the rules of the road set forth in the Motor Vehicle Code may result in license suspension. Because the language of the statute sets forth the requirements for its application, we conclude that it is facially valid. *See State v. Porelle*, 149 N.H. at 423 (required specificity need not be contained in statute itself but may be determined in context of related statutes, prior decisions or generally accepted usage); *cf. Lillios v. Justices of the New Hampshire Dist. Ct.*, 735 F. Supp. 43 (D.N.H. 1990).

Nor is the statute an unconstitutional delegation of legislative authority. The legislature has authorized license suspension under this statute only when drivers are convicted of offenses which the legislature has defined in the Motor Vehicle Code. *See Guillou v. State*, 127 N.H. 579, 582-83 (1986) (no unconstitutional delegation where statute provides

standards to follow in suspension determination). We note that the court's exercise of discretion under this statute is further limited by our construction of it in *State v. Meissner*, 144 N.H. 487 (1999).

Finally, the defendant contends that the trial court exceeded its authority in suspending his license pursuant to RSA 263:57 because the complaint did not allege that he "was a habitually dangerous driver or otherwise appropriate candidate for a license suspension." We note at the outset that the language cited by the defendant is not an element of the crime with which he was charged. *See State v. Day*, 129 N.H. 378, 380 (1987) (to be sufficient indictment must state elements of offense). Rather, the suspension was part of the sentence imposed following his conviction for negligent driving. *See* RSA 651:1, II (1996) ("This chapter does not deprive the court of any authority conferred by law to ... suspend or cancel a license ... or impose any other civil penalty. Any appropriate order exercising that authority may be included as part of the judgment of conviction.")

██ In this case, the complaint alleged that the defendant drove a vehicle at speeds "over 100 miles per hour in a 65 mile per hour zone and chang[ed] lanes several times without using a turn signal." On its face, the complaint provided enough notice that the penalty set forth in RSA 263:57 could apply. The evidence supported the allegations. After finding the defendant guilty of negligent operation, the trial court received input from both parties before imposing sentence. Based upon the facts of this case, we find no error.

*Affirmed.*

BRODERICK, C.J., and NADEAU and DUGGAN, JJ., concurred.