Hillsborough-northern judicial district
No. 2011-851

THE STATE OF NEW HAMPSHIRE

v.

THOMAS WHITE

Argued: October 11, 2012
Opinion Issued: December 7, 2012

*Michael A. Delaney,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson,* chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The State appeals a decision of the Superior Court (*Tucker,* J.) dismissing its indictment against the defendant, Thomas White, for violat-

ing RSA 651-B:4-a (Supp. 2012), which requires registered sex offenders to report to law enforcement the creation of an "online identifier." We reverse and remand.

RSA 651-B:4-a requires registered sex offenders to report to law enforcement "any changes to an existing online identifier, or the creation of any new online identifier," before using it. "[O]nline identifier" includes "electronic mail address, instant message screen name, user identification, user profile information, and chat or other Internet communication name or identity information." The indictment alleged that the defendant "did knowingly fail to . . . report a MySpace account" as required under the statute. The trial court granted the defendant's motion to dismiss the indictment on the grounds that the defendant used his own name and already-reported e-mail address to create the account; thus, the trial court concluded, the defendant was not required under the statute to report the account's existence. The State contests the basis of the trial court's ruling.

Resolving this dispute requires that we engage in statutory interpretation. The interpretation of a statute is a question of law, which we decide *de novo. State v. Etienne*, 163 N.H. 57, 71 (2011). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Id.* We construe the Criminal Code "according to the fair import of [its] terms and to promote justice." RSA 625:3 (2007). In so doing, we must first look to the plain language of the statute to determine legislative intent. *Etienne*, 163 N.H. at 72. Absent an ambiguity we will not look beyond the language of the statute to discern legislative intent. *Id.* Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id.* Accordingly, we interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.*

The trial court concluded that the defendant's alleged failure to report the creation and use of a Myspace account did not violate RSA 651-B:4-a because he used his own name and previously-reported e-mail address to become a member. In the trial court's view, the defendant would be obligated to report the use of a name or e-mail address by which he intended to be identified on Myspace only if it differed from his already-reported name or email address. The State contends that the trial court erred in so concluding because the account constituted either "user profile information" or "chat or other Internet communication name or identity information." RSA 651-B:4-a. The defendant argues that the trial court's decision was correct and, in the alternative, that the statute is unconstitutionally vague if construed to require him to report his Myspace account.

■ ■ We agree with the State that a Myspace account constitutes an "online identifier" under RSA 651-B:4-a. As noted, we first turn to the statute's plain language. The relevant definition of "user" is "[o]ne who uses a computer, computer program, or online service." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1908 (5th ed. 2011); *see* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2524 (unabridged ed. 2002) ("one that uses"). A "profile" is "a biographical account presenting the subject's most noteworthy characteristics and achievements." AMERICAN HERITAGE, *supra* at 1407; *see* WEBSTER'S, *supra* at 1811 ("a concise geographical, historical, or political sketch"). Consistent with these definitions, the trial court explained that " '[p]rofile creation is accomplished by filling out a series of virtual forms eliciting a broad range of personal data,' " whereby " 'users are commonly asked to provide their name, home address, e-mail address, age, sex, location, and birth date.' " (Quoting Petrashek, Comment, *The Fourth Amendment and the Brave New World of Online Social Networking*, 93 MARQ. L. REV. 1495, 1499 (2010).)

The trial court defined Myspace as " 'a "social networking" website where members can create "profiles" and interact with other members.' " (Quoting *Griffin v. State*, 19 A.3d 415, 417 n.2 (Md. 2011).) The court noted:

> Anyone with Internet access can go onto the Myspace website and view content which is open to the general public such as . . . members' profiles which are not set as "private." However, to create a profile, upload and display photographs, communicate with persons on the site, write "blogs," and/or utilize other services or applications on the Myspace website, one must be a "member."

(Quoting *Griffin*, 19 A.3d at 417 n.2.) With this description in mind, it is apparent that Myspace membership requires the creation of a personal "profile" or "biographical account," AMERICAN HERITAGE, *supra* at 1407, triggering an obligation to report its creation to law enforcement under RSA 651-B:4-a. The defendant's Myspace profile itself contains several such pieces of biographical information, including his name, age, sex, "single" relationship status, and zodiac sign. Indeed, the plain language of the phrase "user profile information," RSA 651-B:4-a, is at odds with the trial court's statement that the defendant was "not obligated to report . . . that he created a MySpace *profile*, or the *information* he posted to the profile." (Emphases added.)

■ Nor does the fact that the defendant used his already-reported e-mail address to establish the account militate against finding an obligation to report the account's creation to law enforcement. On the contrary, it highlights that the legislature differentiated between "electronic mail

address" and "user profile information," RSA 651-B:4-a, as independent examples of online identifiers. *See Pennelli v. Town of Pelham*, 148 N.H. 365, 367-68 (2002) ("Basic statutory construction rules require that all of the words of a statute must be given effect and that the legislature is presumed not to have used superfluous or redundant words." (quotation omitted)). As is clear from the trial court's order, the user's Myspace account and profile are independent of the user's other methods of online communication or activity, such as an e-mail address.

■ Construing "user profile" to include the defendant's Myspace account also comports with the general purposes of sex offender registration and reporting requirements, including the twin goals of "investigating crimes committed online by registered sex offenders" and discouraging registered sex offenders "from engaging in such criminal activities." The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030, 38055 (July 2, 2008) (final guidelines interpreting and implementing Sex Offender Registration and Notification Act (SORNA)); *see* 42 U.S.C. § 16901 (2006) (SORNA's purpose is to "protect the public from sex offenders and offenders against children . . . [by] establish[ing] a comprehensive national system for the registration of those offenders."); *cf.* RSA 651-B:12 (2007) (sex offender registration and reporting requirements to be interpreted as consistent with federal law). Requiring a registered offender to report the creation of a Myspace profile or other "online profile" promotes the investigatory purpose of the statute by providing law enforcement with the means to monitor and track the offender's online activities. Such a requirement also serves to discourage the use of social networking for predatory purposes because the offender knows he or she is under the watchful eye of law enforcement. To the extent that our interpretation of the phrase "user profile information" may require sex offenders to report a wide range of online activities, it does so as a reflection of legislative intent expressed in the statute's plain terms. Here, of course, we need not define the outer limits of the reporting requirement of RSA 651-B:4-a.

The defendant observes that a Nebraska statute contains a reporting requirement with language that, he claims, is considerably broader than that of RSA 651-B:4-a, as it obligates sex offenders to report "all blogs and Internet sites maintained by the person or to which the person has uploaded any content or posted any messages or information." Neb. Rev. Stat. § 29-4006(1)(s) (Supp. 2010). The New Hampshire legislature, according to the defendant, could have enacted similar language had it intended to extend the reporting requirement to cover the creation of a Myspace account. We have concluded, however, that the plain language of RSA

651-B:4-a applies to the defendant's creation of a Myspace account. Thus, as noted, we need not decide the outer reaches of the statute's application.

■ The defendant also contends that the phrase "user profile information" "fails to ground the application of RSA 651-B:4-a to [the defendant's] case in a non-vague manner." A statute can be impermissibly vague for either of two independent reasons: (1) it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; or (2) it authorizes or even encourages arbitrary and discriminatory enforcement. *State v. MacElman*, 154 N.H. 304, 307 (2006). "A statute is not unconstitutionally vague as long as its prohibitions are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *State v. Lamarche*, 157 N.H. 337, 340 (2008) (quotation omitted). "In addition, mathematical exactness is not required in a penal statute, nor is a law invalid merely because it could have been drafted with greater precision." *MacElman*, 154 N.H. at 307 (quotation and brackets omitted). A party challenging a statute as void for vagueness bears a heavy burden of proof in view of the strong presumption favoring a statute's constitutionality. *Id.*

■ We conclude that the phrase "user profile information" in RSA 651-B:4-a provides a person of ordinary intelligence a reasonable opportunity to understand the conduct it prohibits — namely, the failure by a sex offender to report the creation of, or changes to, an online profile. It is well-established that the necessary specificity required to uphold a statute "need not be contained in the statute itself, but rather, the statute in question may be read in the context of related statutes, prior decisions, or generally accepted usage." *State v. Winslow*, 134 N.H. 398, 400 (1991). It is also well-established that words and phrases in a statute are to be construed in light of the overall statute and statutory scheme. *Etienne*, 163 N.H. at 72. The statute's plain terms take aim at a sex offender's "online identifier[s]," of which "user profile information" is listed as an example. RSA 651-B:4-a. It has become generally accepted in modern internet parlance that a "user profile" refers to a set of personal facts that a person provides to a website in order to create an account. *See, e.g., Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 976 (C.D. Cal. 2010) ("Facebook and MySpace, Inc., are companies which provide social networking websites that allow users to send and receive messages, through posting on user-created 'profile pages' or through private messaging services." (quotation omitted)); Guo, Note, *Stranger Danger and the Online Social Network*, 23 BERKELEY TECH. L.J. 617, 619 (2008) ("A profile is a webpage that allows a user to aggregate and present her personal information, photos, web journals, favorite hyperlinks, and the like into one

location."); Pannozzo, Note, *Uploading Guilt: Adding a Virtual Records Exception to the Federal Rules of Evidence*, 44 CONN. L. REV. 1693, 1698 (2012) (On Myspace, "users create and decorate their own profiles, upload music and video clips, post photographs, author blogs, play games, and chat with friends in real time."). This accepted usage is consistent with the dictionary definition of a profile, recited above, as "a biographical account presenting the subject's most noteworthy characteristics and achievements." AMERICAN HERITAGE, *supra* at 1407. The defendant's Myspace account is clearly encompassed within this definition; indeed, it is difficult to imagine what the statute covers by use of the phrase "user profile" if not an account on a social networking website with which users share personal information with others through self-created "profiles."

■■■■ We further reject the defendant's argument that the sex offender registration form that the defendant was required to sign renders the statute's application to him impermissibly vague. The first page of the form asks the defendant to provide "ONLINE IDENTIFIERS (INCLUDING E-MAIL ADDRESSES, INSTANT MESSAGE SCREEN NAMES, ETC.)." While the defendant contends that the use of "ETC." both poses notice concerns and gives the police "virtually unfettered discretion" in the statute's enforcement, the form's third page explicitly requires the defendant to acknowledge that he is subject to the requirements of RSA 651-B, within which the requirement to report "online identifier[s]" is contained. The form also states that noncompliance with RSA 651-B is a felony. Thus, the defendant may fairly be charged with knowledge that he must report "user profile information" and the other statutory examples of online identifiers. *Cf. State v. Stratton*, 132 N.H. 451, 457 (1989) ("Ignorance of the law is no excuse."). Nor does the statute or the form promote arbitrary enforcement or unfettered police discretion, as the statute provides five specific examples of the online information and activities subject to the reporting requirement.

■■■ We conclude that a Myspace account includes "user profile information," which, therefore, is an "online identifier" subject to the reporting requirement of RSA 651-B:4-a. Thus, we need not address the defendant's argument that the phrase "chat or other Internet communication name or identity information" is also unconstitutionally vague.

*Reversed and remanded.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.